IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| MOUNT DORA HIGH SCHOOL FELLOWSHIP OF CHRISTIAN ATHLETES, S.G., E.F., M.B., L.B. and GERALD BUELL,<br><br>Plaintiffs,<br><br>v.<br><br>LAKE COUNTY SCHOOL BOARD, SUSAN MOXLEY and PAM CHATEAUNEUF,<br><br>Defendants. | Case No.: 5:14-cv-00209-WTH-PRL |

## CONSENT DECREE AND ORDER

### Findings of Fact

1. On April 11, 2014, Plaintiffs, MOUNT DORA HIGH SCHOOL FELLOWSHIP OF CHRISTIAN ATHLETES ("the FCA Club"), S.G., E.F., M.B., L.B., and Gerald Buell, filed a Complaint (dkt. 1) against Defendants, LAKE COUNTY SCHOOL BOARD ("the District"), SUSAN MOXLEY, in her official capacity as Superintendent of Lake County Schools, and PAM CHATEAUNEUF, in her official capacity as Principal of Mount Dora High School.[1]

2. The FCA Club is a non-curricular student club at Mount Dora High School, a public school within the District. Plaintiffs S.G., E.F., M.B. and L.B. ("the student Plaintiffs") are minors enrolled as students at Mount Dora High School, and members of the

---

[1] Superintendent Moxley and Principal Chateauneuf have since been voluntarily dismissed, without prejudice. (Dkt. 21).

FCA Club. Plaintiff Buell is a teacher employed by Defendants, and is currently acting as an advisor to the FCA Club.

3.   In their Complaint, Plaintiffs challenged the District's practices and Policy 4.501, governing "High School Student Clubs and Organizations" ("the Policy"). Plaintiffs asserted various constitutional and statutory claims pursuant to 42 U.S.C. § 1983, arising from the Policy and the District's denial to the FCA Club of certain privileges and benefits provided by the District to other non-religious, non-curricular student clubs. Among other claims, Plaintiffs asserted that the District's Policy and practices violated the First and Fourteenth Amendments to the United States Constitution, and the Equal Access Act, 20 U.S.C. § 4071, *et seq.*

4.   On April 14, 2014, Plaintiffs FCA Club, S.G., E.F., M.B. and L.B. filed a Motion for Preliminary Injunction (dkt. 5), seeking immediate access to privileges and benefits provided by the District to other non-religious, non-curricular student clubs, including: (a) the ability to place club announcements in the hallways and on the school's marquee; (b) the ability to place flyers and posters in and outside of classrooms where clubs meet; (c) the ability to present announcements over the school's public address system; (d) the ability to maintain a club webpage on the District's website; (e) the ability to wear colored cords at graduation to signify club membership; and (f) free inclusion of the club in the yearbook. Hereinafter, the benefits listed in (a) through (f) shall be referred to as "Club Benefits."

5.   The parties agree, and this Court finds, that this Consent Decree has been negotiated by the parties in good faith, and is intended to avoid expensive and protracted

litigation between the parties as to the issues resolved herein.

## Conclusions of Law

6. The terms of this Consent Decree are fair, reasonable and serve the public interest.

7. The terms of this Consent Decree comport with the United States Constitution and the Equal Access Act. *See e.g., Bd. of Educ. of Westside Cmty. v. Mergens*, 496 U.S. 226 (1990).

8. Without limiting the Court's finding in paragraph 7, above, the Court specifically finds that the terms of this Consent Decree do not violate the Establishment Clause. *See e.g., Mergens*, 496 U.S. at 247-253; *Prince v. Jacoby*, 303 F.3d 1074, 1094-94 (9th Cir. 2002); *Pope by Pope v. E. Brunswick Bd. of Educ.*, 12 F.3d 1244, 1254-56 (3d Cir. 1993).

9. The Constitution and the Equal Access Act require the District to provide Club Benefits to the FCA Club to the same extent and on the same terms as any other high school, non-curricular, non-religious student club.[2] *See, e.g., Mergens*, 496 U.S. at 247; *Prince*, 303 F.3d at 1077, 1082, 1086; *Pope*, 12 F.3d at 1246.

10. The District has provided Club Benefits to high school, non-religious, non-curricular student clubs, but has denied Club Benefits to the FCA Club. In so doing, the District has violated the constitutional and statutory rights of the FCA Club and its student members.

---

[2] In this Consent Decree, the terms "curriculum" "curricular" and "non-curricular" have the same meaning provided by the Supreme Court in *Mergens* and its progeny for the purposes of interpretation of the Equal Access Act, not for interpretation of the First Amendment.

11. The FCA Club and student Plaintiffs are entitled to the injunctive relief and damages provided herein.

12. The FCA Club and student Plaintiffs are prevailing parties within the meaning of 42 U.S.C. § 1988, and are entitled to recover reasonable attorney's fees and costs incurred in obtaining this Consent Decree.

### Order

THEREFORE, with the consent of the Parties, it is ORDERED, ADJUDGED and DECREED as follows:

13. The District is hereby permanently enjoined from denying to the FCA Club, and any other high school religious non-curricular student club, Club Benefits that the District provides to any other high school non-religious, non-curricular student club, and from enforcing its Policy in a manner that violates the Equal Access Act or the First Amendment, consistent with current, applicable law.

14. Within thirty (30) days of the entry of this Consent Decree, the District shall begin the process of amending the Policy. Such amendment will reflect the requirements of this Consent Decree and the current statutory and case law relating to student clubs and organizations, and may be subject to a final ruling in this cause on the sole remaining issue of a paid faculty advisor.

15. Within fourteen (14) days of the entry of this Consent Decree, the District shall pay the FCA Club the sum of two hundred and seventy-five dollars ($275.00), as and for damages incurred by the FCA Club. The District shall deposit this sum directly into the FCA Club's account maintained by Mount Dora High School.

16.  Within fourteen (14) days of the entry of this Consent Decree, the district shall pay each of the student Plaintiffs (S.G., E.F., M.B. and L.B.) the sum of ten dollars ($10.00), as and for nominal damages incurred by the student Plaintiffs. The District shall discharge this obligation by delivering a bank draft in the amount of forty dollars ($40.00), payable to "Liberty Counsel," to counsel for student Plaintiffs at the address below their signature.

17.  This Consent Decree resolves all issues raised by Plaintiffs in this action, with the exception of Plaintiffs' claim that they are entitled to a paid faculty advisor or monitor. The Clerk shall not enter Final Judgment until that issue is resolved. The Court retains jurisdiction of this action to resolve the paid faculty advisor issue, to determine the entitlement to any additional fees and costs beyond those contemplated herein, the reasonableness of any attorney's fees ultimately awarded, and to enforce the terms of this Consent Decree.

18.  Pursuant to Fed. R. Civ. P. 54(d) and Local Rule 4.18, the FCA Club and student Plaintiffs shall file a Bill of Costs and/or a Motion for Attorney's Fees and Costs within thirty (30) days of the entry of Final Judgment.

19.  Nothing in this Consent Decree shall be construed to limit the FCA Club or student Plaintiffs from seeking redress for, or filing a new action, for any violation of their constitutional or statutory rights alleged to occur after the entry of this Consent Decree.

20.  Nothing in this Consent Decree shall be construed to limit any party's right to enforce this Consent Decree according to its terms.

21.  In the event that any court of competent jurisdiction determines that any provision of this Consent Decree, or any part thereof, cannot be enforced, such determination

shall not affect or invalidate the remainder of this Consent Decree.

22.     The provisions of this Consent Decree apply to the District, its officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them.

23.     This Consent Decree is the product of arms-length negotiation between the parties and their experienced counsel. By their signatures below, the parties' counsel approve the terms and form of this Consent Decree. The Consent Decree was drafted by all parties, and, in any dispute over its meaning or interpretation, its provisions shall not be construed against any party.

24.     Each undersigned representative of the parties to this Consent Decree certifies that he or she is fully authorized by the party to enter into and execute this Consent Decree, and to legally bind such party to this Consent Decree. By their representative's signature below, the Parties consent to entry of this Consent Decree.

DONE and ORDERED this ____ day of _____, 2014.

_____
Wm. Terrell Hodges
U.S. District Judge

The undersigned parties agree to and request the entry of this Consent Decree and Order:

*signature*

Plaintiff S.G., by and through his parent and next friend _Timothy D. Orahan_.

*signature*

Plaintiff E.F., by and through her parent and next friend _Scott W. Frisbie_.

*signature*

Plaintiff M.B., by and through her parent and next friend _Lisa U. Brownsberger_

*signature*

Plaintiff L.B., by and through her parent and next friend _Lisa U. Brownsberger_

Approved as to form: *signature* _Gerald W Buell_

*signature*

Horatio G. Mihet
 Florida Bar No. 0026581
Mathew D. Staver
 Florida Bar No. 0701092
Anita L. Staver
 Florida Bar No. 0611131
Liberty Counsel
Post Office Box 540774
Orlando, FL 32854-0774
(800) 671-1776 – Telephone
(407) 875-0770 – Telefacsimile
ecf email: court@lc.org

*Attorneys for Plaintiffs*

DEFENDANT SCHOOL BOARD OF LAKE COUNTY, FLORIDA

*signature* _Debbie Stivender_, Chair

by _DEBBIE STIVENDER_, its representative duly authorized to execute this Consent Decree.

*signature*

Stephen W. Johnson
 Florida Bar No. 269867
Stephanie J. McCulloch
 Florida Bar No. 0638161
McLin Burnsed
Post Office Box 491357
Leesburg, Florida 34749-1357
(352) 787-1241 Telephone
(352) 326-2608 Facsimile
Email: SteveJ@mclinburnsed.com
StephM@mclinburnsed.com

*Attorneys for Defendants*

7